UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESLIE MICHELLE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV651MLM |
| ) | |
| DILLARD'S and ) | |
| BRUCE PRUELLAGE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Compel Arbitration, and, in the alternative, Motion to Dismiss Plaintiff's Complaint filed by Defendants Dillard's and Bruce Prullage (jointly "Defendants"). Doc. 9. Defendants have also filed a Motion to Stay All Proceedings Pending Determination of Motion to Compel Arbitration. Doc. 11. Plaintiff Leslie Michelle Thomas filed a Response.[1] Doc. 13. Defendants filed a Reply. Doc. 16. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 17.

## BACKGROUND

In her Complaint Plaintiff alleges that Defendant Dillard's ("Defendant") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act of 1990 ("the ADEA"), 29 U.S.C. § § 621, et seq., in that Defendant discriminated against her based on her race and age, by discharging and harassing her.[2]

---

[1] Document 13 is titled "Memorandum for Clerk." In this document Plaintiff responded to the pending Motions filed by Defendant.

[2] On page one of her Complaint Plaintiff checked the boxes which stated that she was bringing her cause of action pursuant to Title VII and the ADEA. On page five of her Complaint Plaintiff checked "race" and not "age," when asked the basis upon which she believed Defendant discriminated against her.

On June 10, 2008, the date upon which she became employed by Defendant, Plaintiff and Defendant's representative signed the following Agreement to Arbitrate:

### AGREEMENT TO ARBITRATE CERTAIN CLAIMS

**IMPORTANT NOTICE: THIS AGREEMENT WAIVES YOUR RIGHT TO A JURY TRIAL AND TO PURSUE LITIGATION IN COURT. READ IT CAREFULLY BEFORE SIGNING**

*The arbitration process offers a quick and fair way to resolve disagreements. This Agreement does not waive anyone's right to make a claim against the Company. It merely changes the forum where the dispute is resolved and the procedures to be followed. Arbitration does not prevent an associate from filing a charge with an administrative agency like the Equal Employment Opportunity Commission. This Agreement is NOT an employment agreement: it is merely an agreement to arbitrate claims. The typewritten name in the "Authorized Signature" line below will serve to bind Dillard's to uphold its obligations under this Agreement.*

This Agreement to Arbitrate Certain Claims ("Agreement"), by and between Dillard's, Inc., its affiliates, subsidiaries and Limited Partnerships, as more fully defined in the Rules of Arbitration (the "Company") and the Associate whose name appears below.

WITNESSETH:

Whereas, Associate and Company desire to resolve any and all disputes between them, as more fully described in the Rules of Arbitration; and

Whereas, the parties hereto agree that Arbitration of such disputes is a valuable benefit, the existence which is a significant inducement for Associate to accept employment with Company and for Company to offer employment to Associate,

NOW THEREFORE, in consideration of the mutual promises contained herein and in specific consideration of the Company agreeing to employ Associate the parties hereto agree as follows:

EFFECTIVE upon Associate's first day of employment with the Company, Associate and Company shall be entitled to benefits of and mutually agree to become subject to the Company's RULES OF ARBITRATION (the "Rules").

### WE AGREE TO ARBITRATE OUR DISPUTES AND TO ABIDE BY THE RULES OF ARBITRATION:

(emphasis in original).

In the pending Motion Defendant argues that the above quoted Agreement is a binding agreement to arbitrate; that the claim alleged by Plaintiff in her Complaint falls within the scope of the Agreement; and that, therefore, the court should compel arbitration of Plaintiff's claim or, in the alternative, dismiss Plaintiff's Complaint. Plaintiff argues, in response, that the Agreement is void or not binding. She also argues the merits of her cause of action against Defendant.

**LEGAL FRAMEWORK and DISCUSSION**

The Eighth Circuit held in Peterson v. BMI Refractories, 132 F.3d 1405, 1412 (8th Cir. 1998), that "a mandatory arbitration clause does not bar litigation of a federal statutory claim unless certain requirements are met. The threshold requirement is that 'the employee must have *agreed individually* to the contract containing the arbitration clause.'" Id. (quoting Brisentine v. Stone & Webster Eng'g Corp., 117 F.3d 519, 526 (11th Cir. 1997)) (emphasis added). In Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 834-35 (8th Cir. 1997), upon finding that an arbitration clause included in an employee handbook was enforceable, the court considered that the applicable employee handbook had a *separate page*, designated as an "Acknowledgment Form," which stated that the employee who signed the form agreed to submit grievances to an "arbitration panel as the ultimate resolution of" the employee's complaints.

Additionally, to be enforceable, an arbitration agreement cannot be unilateral and it must have consideration. See Morrow v. Hallmark Cards, Inc., 273 S.W.3d 15, 28 (Mo. Ct. App. 2008) (holding that an arbitration provision unilaterally imposed by an employer on an at-will employee was unenforceable because it lacked consideration). The Missouri court in Morrow, 271 S.W.3d at 21, held that:

> The question of whether or not arbitration can properly be compelled is a question of law ... . State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 856 (Mo. banc 2006). Missouri substantive law governs the issues of the existence, validity, and enforceability of any purported arbitration contract. See id.; 9 U.S.C. sec. 2. "[I]n

3

determining whether the parties have entered into a valid agreement to arbitrate, the usual rules of state contract law and canons of contract interpretation apply." Triarch Indus., 158 S.W.3d at 776.

...

"[A]rbitration is a matter of contract, and a party cannot be required to arbitrate a dispute that it has not agreed to arbitrate." Dunn Indus. Group, 112 S.W.3d at 435; see also 6 C.J.S. Arbitration sec. 1 (2004). Absent a contract to arbitrate, no party has a unilateral right to impose on another party a requirement of arbitration as the sole procedure for dispute resolution. Dunn Indus. Group, 112 S.W.3d at 427-28; ... . It is a firmly established principle that parties can be compelled to arbitrate against their will only pursuant to an agreement whereby they have agreed to arbitrate claims. AT & T Techs., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); ... .

There is nothing that would preclude the possibility of an employer and its employees from entering into an enforceable agreement to arbitrate claims, including statutory claims. In Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the watershed case on the issue of the arbitrability of statutory employment claims, the ... U.S. Supreme Court affirmed a decision enforcing the arbitration agreement, rejecting a contention that arbitration of an age discrimination claim was inherently antagonistic to the public purposes of the Age Discrimination in Employment Act (ADEA). Id. at 27-35, 111 S.Ct. 1647. Thus, Gilmer declared that a contract to arbitrate employment discrimination claims is not inherently contrary to public policy. Id.; see also Boogher v. Stifel Nicolaus & Co., 825 S.W.2d 27, 29 (Mo. App. 1992).

Id. at 21-23.

The Missouri court in Morrow, 273 S.W.3d at 22-23, further considered that, in regard to contracts, "*signatures remain a common, though not exclusive, method of demonstrating agreement.*" (emphasis added). Although the court in Morrow found that under the circumstances of that case there was no binding obligation to arbitrate, the court specifically distinguished cases where an employee demonstrated his or her intent to arbitrate by signing an agreement. Id. at 23 (citing Gilmer, 500 U.S. at 23; Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 682 (8th Cir. 2001) (employee demonstrated her intent to arbitrate by signing agreement); McIntosh v. Tenet Health Sys. Hosp., Inc., 48 S.W.3d 85, 89 (Mo. Ct. App. 2001) (noting that employee signed arbitration clause

4

agreeing, along with company, to submit claims to arbitration)). The court in Morrow further clarified that, under Missouri law, for an agreement to arbitrate in an employment contract to be enforceable there must be "a *mutual obligation* to submit claims to arbitration." Id. at 23 n.4 (emphasis added).

In the matter under consideration, Plaintiff *agreed individually* to arbitrate and *signed* the agreement to arbitrate. Both Plaintiff and Defendant signed the Agreement which obligated both Plaintiff and Defendant to arbitrate and abide by the arbitration decision. As such, the court finds that there was *mutual obligation*. See Gilmer, 500 U.S. at 23; Peterson, 132 F.3d at 1412; Patterson, 113 F.3d at 834-35; Morrow, 273 S.W.3d at 23 n.4. Additionally, the Agreement was clearly titled in bold capital letters to indicate that it was a binding arbitration agreement which waived Plaintiff's rights to pursue litigation in court. The court finds, therefore, that the Agreement is a binding agreement to arbitrate. See id.

As Defendant has established the existence of a valid agreement to arbitrate, the court must determine whether Plaintiff's claims fall within the scope of the Agreement. "The scope of an arbitration agreement is given a liberal interpretation, with any doubts resolved in favor of arbitration." Indus. Wire. Prods., Inc. v. Costco Wholesale Corp., 576 F.3d 516, 521 (8th Cir. 2009) (citing MedCam Inc. v. MCNC, 414 F.3d 972, 975 (8th Cir. 2005)). "'[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" Indep. Union of Tretolite Chem. Workers v. Petrolite Corp., 658 F. Supp. 643, 645 (E.D. Mo. 1987) (quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-583 (1960)).

The Agreement at issue in the matter under consideration clearly states that it applies to "any and all disputes between" the parties. Additionally, the Agreement incorporates the Rules of

Arbitration which provide that these rules apply to claims which can be made in a court of law, including disputes involving: (1) discrimination or harassment on the basis of race and age, and (2) "retaliation for filing a protected claim for benefits ... or exercising [] protected rights under any statute." Def. Ex. B at 1. Plaintiff alleges in her Complaint before this court that Defendant discharged her in violation of Title VII and the ADEA. As such, the court finds that Plaintiff's claims are within the scope of the Agreement.

To the extent Plaintiff argues the merits of her cause of action, at this point the court's inquiry is limited to whether there is a valid agreement to arbitrate. See Daisy Mfg. Co. Inc. v. NCR Corp., 29 F.3d 389, 392 (8th Cir. 1994). As the court has found that the parties have a binding agreement to arbitrate the issues raised in Plaintiff's Complaint, the court may not consider the merits of Plaintiff's claims.

Plaintiff also argues that Defendant has waived its right to compel arbitration because it did not remind her of the parties' Agreement and because it did not affirmatively instruct her as to how to proceed with arbitrating her grievances. A "tripartite test" is applicable to determining whether a party has waived its right to arbitrate. Hooper v. Advance America, Cash Advance Ctrs. of Missouri, Inc., 589 F.3d 917, 920 (8th Cir. 2009). Waiver is found where a party: "'(1) knew of its existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by its inconsistent actions.'" Id. (quoting Dumont v. Saskatchewan Gov't Ins., 258 F.3d 880, 886 (8th Cir. 2001) (other citation omitted). Plaintiff has cited no conduct on the part of Defendant which is inconsistent with the right to arbitrate or which has prejudiced Plaintiff. Additionally, there is no case law which suggests that Defendant had an obligation to remind Plaintiff of the Agreement. As such, the court finds that Plaintiff's suggestion that Defendant has waived its right to compel arbitration is without merit.

6

In conclusion, the court finds that Plaintiff is obligated to arbitrate the claims of discrimination which she alleges in her Complaint and that, therefore, the Motion to Compel Arbitration filed by Defendants should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Compel Arbitration or, in the alternative, to Dismiss Plaintiff's Complaint filed by Defendants is **GRANTED**, in part, and **DENIED**, in part; Doc. 9

**IT IS FURTHER ORDERED** that the Motion to Compel Arbitration filed by Defendants is **GRANTED**;

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Complaint filed by Defendants is **DENIED;**

**IT IS FURTHER ORDERED** that parties are to report to the court within thirty (30) days from the date of this Memorandum Opinion that Plaintiff has initiated the arbitration process;

**IT IS FURTHER ORDERED** that failure of Plaintiff to initiate the arbitration process within thirty (30) days of the date of this Memorandum Opinion may result in dismissal of Plaintiff's Complaint;

**IT IS FURTHER ORDERED** that, in the event Plaintiff initiates the arbitration process, the parties are to complete arbitration within 120 days of the date of this Memorandum Opinion and are to notify the court upon the completion of arbitration;

**IT IS FURTHER ORDERED** that, upon the completion of arbitration, the parties are to notify the court;

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay All Proceedings Pending Determination of Motion to Compel Arbitration is **DENIED,** as moot; Doc. 11

/s/Mary Ann L. Medler  
MARY ANN L. MEDLER  
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of June, 2010.